IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| TAMARA BARNHART,<br><br>  Plaintiff/Counter-Defendant,<br><br>vs.<br><br>PHILADELPHIA INDEMNITY INSURANCE COMPANY,<br><br>  Defendant/Counter-Claimant. | CV 21-09-BLG-SPW<br><br>ORDER ADOPTING MAGISTRATE'S FINDINGS AND RECOMMENDATIONS |

Before the Court are United States Magistrate Judge Timothy Cavan's Findings and Recommendations, filed on January 27, 2023. (Doc. 43). Judge Cavan recommends this Court grant Defendant/Counter-Claimant Philadelphia Indemnity Insurance Company's Motion for Summary Judgment (Doc. 28) and deny Plaintiff/Counter-Defendant Tamara Barnhart's Motion for Partial Summary Judgment (Doc. 31). After reviewing the filed objections and Defendant's response (Docs. 44, 46), the Court adopts Judge Cavan's Findings and Recommendations in full.

**I.    Standard of Review**

Pursuant to 28 U.S.C. § 636(b)(1), the parties were required to file written objections within 14 days of the filing of the Findings and Recommendations. The

1

parties are entitled to a de novo review of those findings to which they have "properly objected." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). The portions of the findings and recommendations not properly objected to are reviewed for clear error. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

A proper objection "identif[ies] the parts of the magistrate's disposition that the party finds objectionable and present[s] legal argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result." *Mont. Shooting Sports Ass'n v. Holder*, No. CV 09-147-M-DWM-JCL, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010). "It is not sufficient for the objecting party to merely restate arguments made before the magistrate or to incorporate those arguments by reference." *Id.*

## II. Analysis

Plaintiff lodges four objections to Judge Cavan's findings and recommendations. (*See* Doc. 44). However, none are proper because they are simply copied and pasted from her Combined Response/Reply in Support of Motion for Summary Judgment (Doc. 38) filed before Judge Cavan. (*Cf. id.* and

2

Doc. 44). The only changes Plaintiff made were to replace her references to Defendant with Judge Cavan. Since Plaintiff merely restates the arguments she made to Judge Cavan, the Court overrules her objections and reviews the Findings and Recommendations for clear error.

After reviewing the Findings and Recommendations, this Court does not find Judge Cavan committed clear error.

### III. Conclusion

Accordingly, IT IS ORDERED that United States Magistrate Judge Timothy Cavan's Findings and Recommendations (Doc. 43) are ADOPTED IN FULL.

IT IS FURTHER ORDERED that Defendant/Counter-Claimant Philadelphia Indemnity Insurance Company's Motion for Summary Judgment (Doc. 28) is GRANTED, and Plaintiff/Counter-Defendant Tamara Barnhart's Motion for Partial Summary Judgment (Doc. 31) is DENIED.

The Clerk of Court is directed to enter judgment and close this matter.

DATED this 23rd day of February, 2023.

SUSAN P. WATTERS
United States District Judge